IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JOHN BRUCEWAYNE OVEAL,           §
TDCJ-CID NO.1128999,             §
                Petitioner,      §
v.                               §   CIVIL ACTION NO. H-07-2453
                                 §
NATHANIEL QUARTERMAN,            §
                Respondent.      §

<u>MEMORANDUM ON DISMISSAL</u>

Petitioner John Brucewayne Oveal, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2002 state court felony conviction for burglary of a habitation. The Court will dismiss the petition because he has failed to exhaust his state remedies.

I.  <u>PROCEDURAL HISTORY</u>

On October 9, 2002, petitioner was convicted of burglary of a habitation with intent to commit aggravated assault in cause number 922010 in the 339th District Court of Harris County, Texas, and sentenced to twelve years confinement in TDCJ-CID. (Docket Entry No.1). On direct appeal, petitioner complained that the state district court erred in (a) allowing complainant's aunt, Theresa Griffin, and Houston Police Officer Charles Webb to testify over hearsay objections; (b) refusing to admit a handwritten document as impeachment evidence; and (c) excluding a handwritten note

allegedly written by an assistant district attorney.  Oveal v. State, 164 S.W.3d 735, 739-43 (Tex. App.–Houston [14th Dist.] 2005, pet. ref'd).  Petitioner's conviction was affirmed on direct appeal and his petition for discretionary review was refused on October 26, 2005.  Oveal v. State, 164 S.W.3d 735 (Tex. App.–Houston [14th Dist.], 2005, pet ref'd) (plurality opinion).  On May 1, 2006, the United States Supreme Court denied his petition for writ of certiorari.  Oveal v. Texas, 547 U.S. 1116 (2006).

Petitioner filed a state application for a writ of habeas corpus in the 339th Criminal District Court on March 28, 2007.[1] Petitioner indicates that he sought state habeas relief on the grounds raised in the pending federal petition.  (Docket Entry No.1).  The application was dismissed as non-compliant on April 25, 2007.  Texas Court website.[2]

Petitioner filed the pending petition on July 27, 2007.[3] (Docket Entry No.1).  Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty

---

[1] Information obtained telephonically from Harris County District Clerk's Office.

[2] www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2286059

[3] Petitioner indicates that he executed the pending petition on July 27, 2007, and the district clerk actually recorded the petition as filed on July 27, 2007.  For statute of limitations purposes, the Court treats the date a pro se prisoner deposits a federal petition in the mail as the filing date.  Fisher v. Johnson, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)).

Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).
Lindh v. Murphy, 521 U.S. 320 (1997).  Petitioner seeks relief on
the following grounds:

> 1.  Petitioner was denied the right to confront and
>     cross-examine Houston Police Officer Charles Webb
>     about statements made to him by complainant;
>
> 2.  The trial court excluded complainant's recanted
>     affidavit in violation of petitioner's right to
>     present a complete defense; and,
>
> 3.  Petitioner was denied the effective assistance of
>     counsel at trial because his trial counsel did not
>     object to Officer Webb's testimony on grounds that
>     such testimony violated the Confrontation Clause.

(Docket Entry No.1).

II.  DISCUSSION

Under 28 U.S.C. § 2254, a petitioner "must exhaust all
available state remedies before he may obtain federal habeas corpus
relief." Sones v. Hargett, 61 F.3d 410, 414 (5th Cir. 1995).  The
doctrine of exhaustion, codified as amended at 28 U.S.C. §
2254(b)(1) and (c), reflects a policy of federal/state comity.
Coleman v. Thompson, 501 U.S. 722 (1991).  Those statutes provide
in pertinent part as follows:

> (b)(1)  An application for a writ of habeas corpus on
>         behalf of a person in custody pursuant to the
>         judgment of a State court shall not be granted
>         unless it appears that  -
>
> (A)  the applicant has exhausted the remedies
>      available in the courts of the State; or
>
> (B)(i)   there is an absence of available
>          State corrective process; or

        (ii)        circumstances exist that render such
                    process ineffective to protect the
                    rights of the applicant.

                        *  *  *  *

    (c)   An applicant shall not be deemed to have exhausted
          the remedies available in the courts of the State,
          within the meaning of this section, if he has the
          right under the law of the State to raise, by any
          available procedure, the question presented.

28 U.S.C. § 2254 (b) - (c).  Under this framework, exhaustion means

that the petitioner must have presented all of his habeas corpus

claims fairly to the state's highest court before he may bring them

to federal court.  Castille v. Peoples, 489 U.S. 346 (1989);

Fisher v. State, 169 F.3d 295, 302 (5th Cir. 1999).  Generally,

exhaustion in Texas may take one of two paths:  (1) the petitioner

may file a direct appeal followed, if necessary, by a petition for

discretionary review in the Texas Court of Criminal Appeals, or (2)

he may file a petition for writ of habeas corpus under Article

11.07 of the Texas Code of Criminal Procedure in the convicting

court which, if denied, is automatically transmitted to the Texas

Court of Criminal Appeals.  Myers v. Collins, 919 F.2d 1074 (5th

Cir. 1990).

    "The exhaustion requirement is satisfied when the substance of

the federal habeas claim has been fairly presented to the highest

state court."  Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999);

Fisher, 169 F.3d at 302.  A claim is exhausted when a habeas

petitioner provides the highest state court with a "'fair

                                4

opportunity to pass upon the claim,' which in turn requires that the applicant 'present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.'" Mercadel, 179 F.3d at 275 (quoting Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988)).

Here, petitioner can neither allege nor demonstrate that he has satisfied either of the two statutory exceptions to the exhaustion doctrine with respect to his ineffective-assistance-of-counsel claim. It follows that he has presented a "mixed" petition containing both exhausted and unexhausted claims. See Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998) (citing Rose v. Lundy, 455 U.S. 509, 510 (1982)). It is well established that a mixed habeas corpus petition "must be dismissed without prejudice," unless there is "an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." Alexander, 163 F.3d at 908 (quoting 28 U.S.C. § 2254(b)(1)(B)). Because the interests of comity are best served in this case by Texas courts having an opportunity to consider petitioner's ineffective-assistance-of-counsel claim, his mixed petition is subject to dismissal for failure to exhaust all state remedies as required under 28 U.S.C. § 2254. See Alexander, 163 F.3d at 909.

III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing

of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).
This standard "includes showing that reasonable jurists could
debate whether (or, for that matter, agree that) the petition
should have been resolved in a different manner or that the issues
presented were adequate to deserve encouragement to proceed
further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal
quotations and citations omitted). Stated differently, the
petitioner "must demonstrate that reasonable jurists would find the
district court's assessment of the constitutional claims debatable
or wrong." Id.; Beazley v. Johnson, 242 F.3d 248, 263 (5th Cir.
2001). On the other hand, when denial of relief is based on
procedural grounds, the petitioner must not only show that "jurists
of reason would find it debatable whether the petition states a
valid claim of the denial of a constitutional right," but also that
they "would find it debatable whether the district court was
correct in its procedural ruling." Beazley, 242 F.3d at 263
(quoting Slack, 529 U.S. at 484); see also Hernandez v. Johnson,
213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a
certificate of appealability, sua sponte, without requiring further
briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th
Cir. 2000). For the reasons set forth in the Memorandum on
Dismissal, the Court has determined that petitioner has not made a
substantial showing that reasonable jurists would find the Court's
ruling debatable. Accordingly, a certificate of appealability from

6

this decision will not issue.

IV.  <u>CONCLUSION</u>

For these reasons, the Court ORDERS the following:

1.  The petition is DISMISSED WITHOUT PREJUDICE, for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

2.  A certificate of appealability is DENIED.

3.  All other pending motions, if any, are DENIED.

The Clerk will provide copies to the parties.

SIGNED at Houston, Texas on _September 24_ , 2007.


EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE